■ PSATY & FUHRMAN, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 58490.)—Appeal from a judgment, entered May 11, 1976, upon a decision of the Court of Claims. Claimant and the State entered into a construction contract, dated August 28, 1967, for the superstructure work for the Legislative Building in the Empire State Plaza. The contract proposal called for the use of marble designated as Georgia Cherokee Melange Marble for the base bid. Section 8B-4 (art 854, par 12) provided: "12. If the contract is awarded on the basis of the base bid, it shall include all the work shown on the drawings or herein specified and shall be based on the use of the following stone materials and their finishes. 12(a). Exterior Walls

(Ashler). Georgia Cherokee Melange Marble—sand rubbed finish, no visible machine marks." The proposal also provided for three alternates for the exterior walls. The contract was awarded on the base bid without such alternates. The contract specified that all work was to be performed in accordance with Specification No. 19608-C and the State Architect's standard specifications of January 2, 1960. On October 19, 1967, claimant entered into an agreement with H. T. Petrillo Co., Inc. as subcontractor to furnish claimant with the marble to be used on the exterior walls. This subcontract provided alternate prices for the specified Georgia marble, and for white Italian marble which was submitted as an equal to the Georgia marble for the construction of the exterior facing for the Legislative Building. The use of Italian marble in this construction would result in a saving in cost to claimant of approximately $182,000 plus sales tax. After the subcontract was entered into, claimant sought to have approval from the State for the use of Italian marble as an equal to the base bid Georgia marble. This request was based on a provision of the State's Architect standard specifications of January 2, 1960 which provided as follows: "Where a particular brand or make of material, device or equipment be shown or specified, it is to be regarded as standard. Any other make or brand which in the opinion of the State Architect is equally as good will be accepted." The standard specifications also provided that if there was any disagreement as to the true meaning of the drawings or specifications concerning the acceptability of any materials, the decision of the State Architect was final and conclusive and binding upon all parties to the contract. It was also provided that samples shall be submitted and material should not be ordered until approval was received from the State Architect in writing, and all materials shall be furnished equal to approved samples. The main issue involved on the trial of the claim was whether the use of Italian marble as an equal to Georgia marble was properly rejected by the State. Samples of Italian marble were submitted to Harrison and Abramowitz for examination by Wallace Harrison, the Chief Architect in charge of the over-all construction of the Empire State Plaza. In a memorandum dated December 8, 1967, Mr. Harrison's conclusions were set forth to the effect that Italian marble would give a different appearance to the building, would be subject to greater variations in color, and it was not recommended for use for the exterior finish of the building. On December 11, 1967, the Commissioner of the Office of General Services informed claimant by letter that full consideration had been given to its request, and that the samples submitted had been examined, and that Italian marble was not acceptable, and Georgia marble specified in the contract must be furnished. The Legislative Building was thereafter constructed by using the Georgia marble called for in the base bid. The court found, and we concur, that Mr. Harrison had the authority to make the decision rejecting claimant's request to substitute Italian marble, and that such decision was made on behalf of the State Architect and "is to be construed in fact as the decision of the state architect." The provision of the standard specifications providing that the decision of the State Architect concerning acceptability of materials was final and conclusive and binding on all the parties to the contract is very clear and unambiguous. Claimant is bound by that language, and the finding and determination of the court that the Italian marble submitted by claimant as "an equal" to Georgia marble was properly rejected, must be sustained. On this record, it cannot be said that the determination of the court is against the weight of the evidence, and we find no reason to disturb

the court's determination that the claim is without merit. Judgment affirmed, without costs. Kane, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.